In the Matter of HEMPSTEAD GENERAL HOSPITAL, as Assignee of JOHN E. YOUNG, Appellant, v NATIONAL GRANGE MUTUAL INSURANCE Co., Respondent.—In a proceeding pursuant to CPLR article 75, *inter alia,* to vacate a master arbitration award dated May 19, 1988, and to confirm an expedited arbitration award dated February 8, 1988, the petitioner appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated August 31, 1988, which dismissed the proceeding.

Ordered that the order is reversed, with costs, the application is granted, the master arbitration award is vacated, and the expedited arbitration award is confirmed.

Judicial review of a master arbitrator's vacatur of an award pursuant to Insurance Law § 5106 derives from CPLR 7511 (b) (1) (iii) and involves the question of whether the master arbitrator exceeded his power *(see, Matter of Smith [Firemen's Ins. Co.],* 55 NY2d 224; *Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207). In reviewing a compulsory arbitration award pursuant to 11 NYCRR 65.18 (a) (1) the master arbitrator is empowered to vacate the award on any of the grounds specified in CPLR 7511 or on the basis that the hearing arbitrator acted in a manner which was arbitrary, capricious or without rational basis. However, review of procedural and factual matters is outside his powers of review *(see,* 11 NYCRR 65.18

[a] [4]; *Matter of Smith [Firemen's Ins. Co.], supra).* In the instant case, the master arbitrator vacated the original arbitration award "in the interests of justice". We find that in so holding, the master arbitrator exceeded his authority by substituting his discretion for that of the hearing arbitrator, without a finding of misconduct by the hearing arbitrator (CPLR 7511 [b] [1] [i]), or that he acted in a manner which was arbitrary, capricious or without rational basis *(Matter of Petrofsky [Allstate Ins. Co.], supra).* We note that the subject of this arbitration was an unpaid hospital bill in the sum of $154.92. In these circumstances the denial by the hearing arbitrator of the request for an adjournment made for the first time at the conclusion of the hearing did not rise to the level of misconduct.

While the master arbitrator did not reach the issue of whether the award of attorney's fees granted in the original arbitration award was proper, we find that they were awarded in accordance with the limitations prescribed in 11 NYCRR part 65. Therefore, we confirm the expedited arbitration award in all respects. Mollen, P. J., Spatt, Sullivan and Rosenblatt, JJ., concur.