In the Matter of HEMPSTEAD GENERAL HOSPITAL, as Assignee of JOHN E. YOUNG, Appellant, v NATIONAL GRANGE MUTUAL INSURANCE CO., Respondent.

On May 19, 1987, John E. Young was injured in an automobile accident. The petitioner, Hempstead General Hospital, rendered health services to Young and is the assignee of Young's no-fault benefits. The respondent denied the petitioner's claim for health services benefits on the ground that Young had been charged with driving while intoxicated in connection with the accident in which he had been injured.

The petitioner requested arbitration and an expedited arbitration award granted the petitioner the sum of $154.92 in no-fault benefits and the sum of $1,275 in counsel fees. The award was based upon a finding that there was no causal connection between the petitioner's intoxication and the injuries sustained. The hearing arbitrator refused to grant the respondent an adjournment to procure additional witnesses.

In the master arbitration award dated May 19, 1988, the expedited arbitration award was vacated. The matter was remitted to another arbitrator for further testimony upon the master arbitrator's conclusion that the request for an adjournment should have been granted "in the interests of justice". The petitioner then instituted this proceeding pursuant to CPLR article 75, inter alia, to vacate the master arbitration award. On August 31, 1988, the Supreme Court, Nassau County (O'Shaughnessy, J.), dismissed the proceeding.

By decision and order of this court dated June 26, 1989, the order dated August 31, 1988, was reversed, the petition was granted, the master arbitration award was vacated, and the expedited arbitration award was confirmed (see, Matter of Hempstead Gen. Hosp. v National Grange Mut. Ins. Co., 151 AD2d 757). On appeal, the issues raised were whether the

hearing arbitrator abused his discretion in refusing to grant an adjournment, whether the master arbitrator exceeded his authority in vacating the expedited award "in the interests of justice", and whether the Supreme Court erred in refusing to vacate the master arbitration award.

By order dated November 27, 1989, the Supreme Court, Nassau County (O'Shaughnessy, J.), directed a hearing to determine the amount of counsel fees owing to the petitioner's counsel. The hearing court determined the award of counsel fees using a quantum meruit theory, and held that the petitioner's counsel's work was worth $175 per hour for a total of $7,000. However, the Supreme Court, relying on the decision in *Hempstead Gen. Hosp. v Allstate Ins. Co.* (106 AD2d 429, *affd* 64 NY2d 958), reduced this award to 10.8% of the $7,000, i.e., $756, on the ground that it would only award a fee on that portion of the work performed directly on behalf of the client. This was error.

Pursuant to 11 NYCRR 65.18 (k) (4), "[t]he attorney's fee for services rendered in connection with a court adjudication of a dispute de novo, as provided in section 5106 (c) of the Insurance Law, or in a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter."

In *Hempstead Gen. Hosp. v Allstate Ins. Co. (supra)*, it was held that it was improper to award a "fee upon a fee" when the counsel fee award was based on time spent by counsel substantiating his fee. In the case at bar, the time spent by counsel on the appeal was for services rendered to the petitioner and not in substantiating his fee and, as such, the award should be made in quantum meruit in the amount found by the hearing court, i.e., $7,000. Bracken, J. P., Kunzeman, Eiber and Ritter, JJ., concur.