■ In the Matter of GEICO Insurance Company, Respondent, v AAAMG Leasing Corp., as Assignee of Dawn Channer, Appellant. [32 NYS3d 584]—

In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated August 4, 2014, AAAMG Leasing Corp., as assignee of Dawn Channer, appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Feinman, J.), entered March 3, 2015, as denied that branch of its cross petition which was for an award of an additional attorney's fee pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.10 (j) (4).

Ordered that the order and judgment is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the cross petition of AAAMG Leasing Corp., as assignee of Dawn Channer, which was for an award of an additional attorney's fee pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.10 (j) (4) is granted to the extent of awarding an additional attorney's fee in the sum of $650, and is otherwise denied.

AAAMG Leasing Corp., as assignee of Dawn Channer (hereinafter the appellant), is a medical provider which made a claim for no-fault benefits from the petitioner insurance carrier. The petitioner denied the claim, stating that the supplies provided were not medically necessary.

The appellant sought arbitration of the claim, and in an award dated April 28, 2014, the arbitrator awarded the appellant the sum of $3,870.45, plus interest, and an attorney's fee in the sum of $850.

The petitioner sought review of the arbitrator's award by a master arbitrator. In a determination dated August 4, 2014, the master arbitrator affirmed the original arbitration award, and awarded an additional attorney's fee in the sum of $650 pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.10 (j) (2) (i), which the master arbitrator stated was the maximum allowable fee.

The petitioner then commenced the instant proceeding pursuant to CPLR article 75 to vacate the master arbitration award dated August 4, 2014. The appellant cross-petitioned to

confirm the arbitration award, and sought an additional attorney's fee pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.10 (j) (4). The petitioner opposed that demand for relief. In the alternative, the petitioner stated that the appellant's fee should be limited to $650.

In the order and judgment appealed from, the Supreme Court confirmed the arbitration award. That branch of the cross petition which was for an award of an additional attorney's fee was denied without comment. The appeal is limited to so much of the order and judgment as denied that branch of the cross petition which was for an award of an additional attorney's fee.

The general rule is that in proceedings involving arbitration, as in other litigation, an attorney's fee is not recoverable unless provided for by agreement or statute (see *Myron Assoc. v Obstfeld*, 224 AD2d 504 [1996]). Pursuant to Insurance Law § 5106 (a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to [the] limitations promulgated by the superintendent in regulations." In a proceeding for judicial review of an award by a master arbitrator, an attorney's fee shall be fixed by the court adjudicating the matter (see Insurance Department Regulations [11 NYCRR] § 65-4.10 [j] [4]; *Matter of Hempstead Gen. Hosp. v National Grange Mut. Ins. Co.*, 179 AD2d 645 [1992]).

The limitations of an attorney's fee recoverable in an appeal from a master arbitration award are set forth in Insurance Department Regulations (11 NYCRR) § 65-4.10 (j). Insurance Department Regulations (11 NYCRR) § 65-4.10 (j) (5) states: "No attorney shall demand, request or receive from the insurer any payment or fee in excess of the fees permitted by this subdivision for services rendered with respect to a no-fault master arbitration dispute."

The maximum attorney's fee for a master arbitration dispute is $65 per hour, up to a maximum fee of $650, plus an additional fee of $80 per hour for oral argument, if oral argument is requested (see Insurance Department Regulations [11 NYCRR] § 65-4.10 [j] [2] [i], [ii]). Additional fees may be awarded "if the master arbitrator determines that the issues in dispute were of such a novel or unique nature as to require extraordinary skills or services" (Insurance Department Regulations [11 NYCRR] § 65-4.10 [j] [3]).

In this case, the appellant did not ask for an attorney's fee for oral argument, and there was no finding that the issues

involved were novel or unique. Accordingly, the appellant was entitled to an award of an additional attorney's fee in the sum of $650. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.