■ In the Matter of UNITRIN ADVANTAGE INSURANCE COMPANY KEMPER A. UNITRIN BUSINESS, Appellant-Respondent, v PROFESSIONAL HEALTH RADIOLOGY, as Assignee of Anggi Camacho, Appellant. UNITRIN ADVANTAGE INSURANCE COMPANY KEMPER A. UNITRIN BUSINESS, Appellant, v PROFESSIONAL HEALTH RADIOLOGY, as Assignee of Nestor Camacho, Respondent. [39 NYS3d 428]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered January 29, 2014, which, to the extent appealed from as limited by the briefs, denied and dismissed petitioner Unitrin's petition to vacate a no-fault master arbitration award dated June 3, 2013, and granted respondent Professional Health Radiology as assignee of Nestor Camacho's counterclaim to the extent of confirming the award, unanimously affirmed, without costs. Order, same court (Lawrence K. Marks, J.), entered March 14, 2014, which denied Unitrin's petition to vacate a no-fault master arbitration award dated June 3, 2013, granted respondent Professional Health Radiology as assignee of Anggi Camacho's counterclaim to confirm the award, and denied Professional Health's counterclaim for attorney's fees in connection with the court proceeding, unanimously modified, on the law, to grant the counterclaim for attorney's fees, and remand the matter to Supreme Court for further proceedings consistent with this decision, and otherwise affirmed, without costs.

Unitrin failed to establish that it was entitled to deny Professional Health's claims on the ground that Professional Health's assignors, Nestor Camacho and Anggi Camacho, did not appear for independent medical examinations (IMEs) (*see*

*American Tr. Ins. Co. v Clark*, 131 AD3d 840 [1st Dept 2015]). The no-fault regulations include mandatory notice requirements governing insurer requests for both IMEs and examinations under oath (11 NYCRR 65-3.5 [e]). The regulations expressly provide that the insurer "shall inform the applicant at the time the examination is scheduled that the applicant will be reimbursed for any loss of earnings and reasonable transportation expenses incurred in complying with the request" (*id.*). Unitrin failed to establish that the requisite regulatory language was contained within its November 30, 2011 letters sent to the assignors, and, based on the multiple errors committed by Unitrin, it failed to establish inadvertent law office error, or that the cases should be remanded, in the interest of justice, for a new arbitration hearing.

Pursuant to Insurance Law § 5106 (a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to [the] limitations promulgated by the superintendent in regulations." "In a proceeding for judicial review of an award by a master arbitrator, an attorney's fee shall be fixed by the court adjudicating the matter" (*Matter of GEICO Ins. Co. v AAAMG Leasing Corp.*, 139 AD3d 947, 948 [2d Dept 2016]; *see* 11 NYCRR 65-4.10 [j] [4]). Professional Health, therefore, is entitled to attorney's fees in connection with the Supreme Court proceeding regarding Anggi Camacho, and we remand the matter for further proceedings to determine those fees. Professional Health did not file a cross appeal with respect to the denial of its counterclaim for attorney's fees in connection with the Supreme Court proceeding regarding Nestor Camacho, and this Court lacks the power to grant the counterclaim (*see Hecht v City of New York*, 60 NY2d 57 [1983]). Concur—Renwick, J.P., Manzanet-Daniels, Gische and Webber, JJ.