■ In the Matter of GEICO INSURANCE COMPANY, Respondent, v AAAMG LEASING CORP., as Assignee of Dawn Channer, Appellant. [51 NYS3d 93]——

Motion by the appellant for leave to reargue an appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Feinman, J.), entered March 3, 2015, as denied that branch of its cross petition which was for an award of an additional attorney's fee pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.10 (j) (4), which was determined by decision and order of this Court dated May 18, 2016, or for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted, and, upon reargument, the decision and order of this Court dated May 18, 2016 (*Matter of GEICO Ins. Co. v AAAMG Leasing Corp.*, 139 AD3d 947 [2016]), is recalled and vacated, and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated August 4, 2014, AAAMG Leasing Corp., as assignee of Dawn Channer, appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Feinman, J.), entered March 3, 2015, as denied that branch of its cross petition which was for an award of an additional attorney's fee pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.10 (j) (4).

Ordered that the order and judgment is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the cross petition of AAAMG Leasing Corp., as assignee of Dawn Channer, which was for an award of an additional attorney's fee pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.10 (j) (4) is granted, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of the additional attorney's fee.

AAAMG Leasing Corp., as assignee of Dawn Channer (hereinafter the appellant), is a medical provider which made a claim for no-fault benefits from the petitioner insurance carrier. The petitioner denied the claim, stating that the supplies provided were not medically necessary.

The appellant sought arbitration of the claim, and in an

award dated April 28, 2014, the arbitrator awarded the appellant the sum of $3,870.45, plus interest, and an attorney's fee in the sum of $850.

The petitioner sought review of the arbitrator's award by a master arbitrator. In a determination dated August 4, 2014, the master arbitrator affirmed the original arbitration award, and awarded an additional attorney's fee in the sum of $650 pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.10 (j) (2) (i), which the master arbitrator stated was the maximum allowable fee.

The petitioner then commenced the instant proceeding pursuant to CPLR article 75 to vacate the master arbitration award dated August 4, 2014. The appellant cross-petitioned to confirm the arbitration award, and sought an additional attorney's fee pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.10 (j) (4). The petitioner opposed that demand for relief. In the alternative, the petitioner stated that the appellant's fee should be limited to $650.

In the order and judgment appealed from, the Supreme Court confirmed the arbitration award. That branch of the cross petition which was for an award of an additional attorney's fee was denied without comment. The appeal is limited to so much of the order and judgment as denied that branch of the cross petition which was for an award of an additional attorney's fee.

The general rule is that in proceedings involving arbitration, as in other litigation, an attorney's fee is not recoverable unless provided for by agreement or statute (*see Myron Assoc. v Obstfeld*, 224 AD2d 504 [1996]). Pursuant to Insurance Law § 5106 (a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to [the] limitations promulgated by the superintendent in regulations." As applicable here, the superintendent's regulations provide that an attorney's fee for services rendered in connection with "a court appeal from a master arbitration award . . . shall be fixed by the court adjudicating the matter" (Insurance Department Regulations [11 NYCRR] § 65-4.10 [j] [4]). The term "court appeal" applies to a proceeding such as this, taken pursuant to CPLR article 75 to vacate or confirm a master arbitration award (*see Matter of Hempstead Gen. Hosp. v National Grange Mut. Ins. Co.*, 179 AD2d 645 [1992]).

Here, the appellant sought an attorney's fee for services rendered in connection with the court proceedings on the peti-

tion to vacate the master arbitrator's award and the cross petition to confirm the award. The Supreme Court denied the requested relief without stating the basis for that determination. To the extent the court denied relief on the ground that it lacked authority to award an additional attorney's fee, the court erred. To the extent the court denied relief on the merits, the basis for that determination is not evident from the record. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a determination of the amount of the additional attorney's fee to which the appellant is entitled, stating the evidentiary basis for the award. We note that the court shall not consider any time spent by the appellant's attorney in applying for and substantiating his fee, as the appellant is not entitled to a "fee upon a fee" (*Matter of Hempstead Gen. Hosp. v National Grange Mut. Ins. Co.*, 179 AD2d at 646). Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.