Matter of Country-Wide Ins. Co. v TC Acupuncture P.C. (2019 NY Slip Op 04087)





Matter of Country-Wide Ins. Co. v TC Acupuncture P.C.


2019 NY Slip Op 04087


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9416 652429/15

[*1]In re Country-Wide Insurance Company, Petitioner-Respondent,
v
TC Acupuncture P.C. as assignee of Alexander Oneal, Respondent-Appellant.


Gary Tsirelman, P.C., Brooklyn (Gary Tsirelman of counsel), for appellant.
Thomas Torto, New York (Jason Levine of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered June 22, 2017, which awarded attorneys' fees in the amount of $749.38, unanimously reversed, on the law, without costs, the award vacated, and the matter remanded for a calculation of reasonable attorneys' fees in accordance with 11 NYCRR § 65-4.10(j)(4).
The court failed to consider 11 NYCRR 65-4.10(j)(4), which applies to this appeal of a master arbitration award. Instead, the court applied 11 NYCRR 65-4.6, the regulation applicable to attorneys' fee awards at an initial arbitration, and calculated the award as 20% of the arbitration demand of $3,746, awarding $749.38.
Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to [the] limitations promulgated by the superintendent in regulations" (Matter of Unitrin Advantage Ins. Co. Kemper A. Unitrin Bus. v Professional Health Radiology, 143 AD3d 536, 537 [1st Dept 2016]). Here, in a proceeding for judicial review of an award by a master arbitrator, the attorneys' fee award "shall be fixed by the court adjudicating the matter" (Matter of GEICO Ins Co. v AAAMG Leasing Corp., 148 AD3d 703, 705 [2d Dept 2017] citing Insurance Department Regulations [11 NYCRR] § 65-10[j][4]).
Because this is an appeal from a master arbitration award, we remand the matter for a calculation of fees in accordance with 11 NYCRR 65-4.10(j)(4) (see Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 162 AD3d 407, 408 [1st Dept 2018]). We note that the fees would only apply to this appeal.
In addition, we reject as unpreserved appellant's claims that it is entitled to further fees for the underlying arbitration under 11 NYCRR § 65-4.6(c) or (d).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK