Matter of Country-Wide Ins. Co. v WJW Med. Prods., Inc. (2023 NY Slip Op 06472)

Matter of Country-Wide Ins. Co. v WJW Med. Prods., Inc.

2023 NY Slip Op 06472

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Singh, J.P., Friedman, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 655205/20 Appeal No. 1268 Case No. 2021-03718 

[*1]In the Matter of Country-Wide Insurance Company, Petitioner-Respondent,
v
WJW Medical Products, Inc. as Assignee of Madelin Veras, Respondent-Appellant.

Roman Kravchenko, Garden City, for appellant.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on October 5, 2021, which denied respondent WJW Medical Products, Inc.'s motion for attorney's fees in connection with a no-fault insurance arbitration award, unanimously reversed, on the law, with costs, to grant the motion except insofar as it seeks interest accruing during WJW's delay in filing a notice of entry, and the matter remanded to Supreme Court for a recalculation of fees in accordance with 11 NYCRR 65-4.6(d).
Supreme Court should not have denied WJW's motion for attorney's fees in its entirety (see Insurance Law § 5106[a]; 11 NYCRR 65-4.6[d]). The court was mistaken in its belief that WJW had not previously sought attorney's fees under 11 NYCRR 65-4.6(d), which WJW had sought in its cross-petition to confirm the arbitration award., The February 11, 2021 order, which confirmed the arbitration award, granted the application for those fees.
Supreme Court appropriately declined to award interest, however, for the roughly three-month period from February 11, 2021, to May 12, 2021. WJW's roughly three months of delay in filing a notice of entry went far beyond the 10 days that the February 11, 2021 confirmation order had allotted for the filing. WJW fails to explain why this delay should be considered reasonable (see 11 NYCRR 65-3.9[d]).
We note that WJW is not entitled to attorney's fees for prosecuting this appeal given that a party is not entitled to "fees on fees" when applying for and substantiating attorney's fees (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705-706 [2d Dept 2017]).
We have considered WJW's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023