John T. Mather Mem. Hosp. v American Tr. Ins. Co. (2024 NY Slip Op 24009)

[*1]

John T. Mather Mem. Hosp. v American Tr. Ins. Co.

2024 NY Slip Op 24009

Decided on January 12, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 12, 2024
Supreme Court, Kings County

John T. Mather Memorial Hospital A/A/O HENRY OJEDA, Petitioner,

against
American Transit Insurance Company, Respondent.

Index No. 528479/2023

Aaron D. Maslow, J.

The following numbered papers were read on this special proceeding: NYSCEF Document Numbers 1-9.
Upon the foregoing papers, the Court having elected to determine the within petition on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part I (Motions & Special Proceedings), Subpart C (Appearances), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission.),"[FN1]
and due deliberation having been had thereon,
It is hereby ORDERED and ADJUDGED that the within special proceeding is determined as follows:
In this special proceeding pursuant to CPLR 7502 and 7510, the within petition of Petitioner John T. Mather Memorial Hospital, a medical provider, to confirm a No-Fault Insurance master arbitration award against Respondent American Transit Insurance Company is GRANTED but without an award of an attorney's fee for services rendered in connection with the petition to confirm. It is noted that Respondent has not appeared to oppose the petition.
The master arbitration award in American Arbitration Association Case No. 99-22-1233-6879 of Master Arbitrator Anne L. Powers, which affirmed the award of Arbitrator Dimitrios Stathopoulos, is confirmed in its entirety.
Petitioner herein is awarded the principal amount ($21,316.95), interest, attorney's fees, and return of filing fee ($40.00) as determined in the hearing arbitration (see the arbitration award of Arbitrator Stathopoulos, appearing as NYSCEF Doc No. 3). The interest shall accrue from the arbitration filing date (see 11 NYCRR 65-4.5 [s] [3], 65-3.9 [c]; Canarsie Med. Health, P.C. v National Grange Mut. Ins. Co., 21 Misc 3d 791, 797 [Sup Ct, NY County 2008]), at the rate of two percent per month, simple, calculated on a pro-rata basis using a 30-day month (see 11 NYCRR 65-3.9 [a]). The attorney's fee for the arbitration shall be 20% of the sum of the principal plus interest to payment.
The attorney's fee for the master arbitration is $130.00 per the award of Master Arbitrator Powers appearing as NYSCEF Doc No. 4.
This Court denies an attorney's fee to Petitioner herein for prevailing in this special proceeding to confirm the master arbitration award. In seeking an attorney's fee, Petitioner relies on 11 NYCRR 65-4.10 (j) (4), which provides, "The attorney's fee for services rendered in connection with a court adjudication of a dispute de novo, as provided in section 5106(c) of the Insurance Law, or in a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter." Petitioner's action of seeking to confirm an [*2]arbitration award is not in the nature of appeal. An "appeal" is an action taken by a party to have a determination reviewed because it was adverse to the party. The master arbitrator's award was not adverse to Petitioner. Quite the opposite, Petitioner agreed with the determination. The purpose for this Article 75 proceeding is to obtain a judgment so that Petitioner can levy upon Respondent's assets in order to enforce the award of monetary compensation as determined in the arbitration process. Moreover, this special proceeding is not a de novo dispute. Nothing in the language of 11 NYCRR 65-4.10 (j) (4) provides support for this Court to grant Petitioner an attorney's fee. The language of the regulation is clear and unambiguous and would not apply to this unopposed Article 75 special proceeding to confirm a master arbitration No-Fault award (see Matter of Medical Socy. of State of NY v Serio, 100 NY2d 854 [2003]; Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 458 [1980]). A court should not read into a regulation a provision which is not present (see Jansen Ct. Homeowners Assn. v City of New York, 17 AD3d 588 [2d Dept 2005]), especially since the No-Fault Law is in derogation of the common law and so must be strictly construed (see Presbyterian Hosp. in City of NY v Atlanata Cas. Co., 210 AD2d 210 [2d Dept 2001]).
Petitioner also cites to Matter of GEICO Ins. Co. v AAAMG Leasing Corp. (148 AD3d 703 [2d Dept 2017]) as support for its request for an attorney's fee in this special proceeding to confirm the No-Fault master arbitration award. Petitioner emphasizes the following language in said opinion at page 705: "The term 'court appeal' applies to a proceeding such as this, taken pursuant to CPLR article 75 to vacate or confirm a master arbitration award (see Matter of Hempstead Gen. Hosp. v National Grange Mut. Ins. Co., 179 AD2d 645 [1992])" (emphasis added). This Court holds that to the extent the Appellate Division included the words "or confirm" it was dicta because in Matter of GEICO Ins. Co. v AAAMG Leasing Corp. at issue was a petition to vacate a master arbitration award. Hence GEICO Ins. Co.'s petition to vacate constituted an appeal from the master arbitration award; not so in the case at bar. Moreover, Matter of Hempstead Gen. Hosp. v National Grange Mut. Ins. Co., cited in Matter of GEICO Ins. Co. v AAAMG Leasing Corp., involved an appeal in the form of an Article 75 special proceeding, to vacate a master arbitration award in favor of the No-Fault insurer. Again, there was an actual appeal, unlike the present sitatuion, where Petitioner John T. Mather Memorial Hospital seeks merely to confirm a master arbtriation award in its favor, and there is not even any opposition from Respondent Americal Transit Insurance Company.
Petitioner claims that Respondent has failed to pay the amount due per the No-Fault insurance arbitration result: "Here, . . . payment was not made and, since the Petition to confirm must be granted, Petitioner is entitled to its hourly attorney fees in this proceeding" (NYSCEF Doc No. 1 ¶ 12 at 3 [emphasis added]). This is a misunderstanding of the No-Fault Insurance Regulations. Said Regulations actually do provide for a remedy in this type of situation. Section 65-3.10 of the No-Fault Insurance Regulations (11 NYCRR 65-3.10) provides in subdivision (b) as follows:
If a dispute is resolved in accordance with any of the optional arbitration procedures contained in this Part, either during the initial review by the Department of Financial Services or by an arbitration award, and if payment is not made by the insurer in accordance with the terms specified in the conciliation letter or arbitration award within 45 days following such resolution, an additional attorney's fee shall be paid by the insurer when the attorney writes to the insurer in order to receive such overdue payment. The additional attorney's fee shall be $60 and shall become payable only after written request [*3]from the attorney to the insurer, received by the insurer more than 45 days after mailing of the conciliation letter or arbitration award. Such fee shall not be payable if payment was made by the insurer prior to the attorney's request for such payment or if an arbitration award is appealed in accordance with the provisions of this Part.
Therefore, once payment is obtained, Petitioner is entitled to $60 for its efforts in securing same. The fee will be payable since Respondent American Transit Insurance Company did not appeal the determination of the master arbitrator, assuming that payment of the awarded amount was not made within 45 days after after mailing of the master arbitration award. While the $60 may not be commensurate with Petitioner's view of the amount to which it is entitled for enforcement of the arbitratration award, the remedy it seeks pursuant to 11 NYCRR 65-4.10 (j) (4) must be rejected based on the clear language of that regulation. Petitioner is not entitled to hour attorney fees as it has argued.
Respondent herein shall recover from Petitioner herein $200 as costs as well as disbursements allowed by law, to be taxed by the Clerk, since Petitioner has prevailed in having the master arbitration award confirmed (see CPLR 8101, 8201, 8202, 8301; Meehan v Nassau Community College, 242 AD2d 155 [2d Dept 1998]).
E N T E R
___________________________
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1: On December 26, 2023, there was filed as NYSCEF Doc No. 8, an interim order providing as follows:
 The Court having elected to determine the within petition on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part I (Motions & Special Proceedings), Subpart C (Appearances), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission.),"

It is hereby ORDERED as follows:

(1) The within petition shall be determined on submission.

(2) If opposition papers have not been filed yet despite the fact that the deadline for same pursuant to the CPLR may have passed, leave to file them by January 3, 2024, 5:00 p.m., is granted.

(3) If reply papers have not been filed yet despite the fact that the deadline for same pursuant to the CPLR may have passed, leave to file them by January 5, 2004, 5:00 p.m., is granted.

(4) Any papers filed past said deadlines shall not be considered.

(5) There shall be no personal appearances on the calendar date noted above.
References to motions in IAS Part 2 Rules "shall be deemed to include special proceedings" (Part I, Subpart A, Section 1).