Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C. (2025 NY Slip Op 01363)

Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C.

2025 NY Slip Op 01363

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-08357
 (Index No. 513224/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
v
Comfort Choice Chiropractic, P.C., etc., appellant.

Gary Tsirelman, P.C., Brooklyn, NY, for appellant.
Larkin Farrell, LLC, New York, NY (Anthony R. Troise of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated February 11, 2022, Comfort Choice Chiropractic, P.C., appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated August 10, 2023. The order and judgment, insofar as appealed from, denied that branch of the cross-motion of Comfort Choice Chiropractic, P.C., which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of attorney's fees.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the cross-motion of Comfort Choice Chiropractic, P.C., which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of attorney's fees is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorney's fees to be awarded to Comfort Choice Chiropractic, P.C.
In May 2022, American Transit Insurance Company (hereinafter American Transit) commenced this proceeding against Comfort Choice Chiropractic, P.C. (hereinafter Comfort Choice), pursuant to CPLR article 75 to vacate an arbitration award, dated February 11, 2022, entered in favor of Comfort Choice. As relevant to this appeal, Comfort Choice opposed and cross-moved, inter alia, pursuant to 11 NYCRR 65-4.10(j)(4) for an award of attorney's fees. By order and judgment dated August 10, 2023, the Supreme Court denied the petition and confirmed the arbitration award but also denied that branch of the cross-motion of Comfort Choice. Comfort Choice appeals from so much of the order and judgment as denied that branch of its cross-motion.
Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to the limitations promulgated by the superintendent in regulations." "[T]he superintendent's regulations provide that an attorney's fee for services rendered in connection with 'a court appeal from a master arbitration award . . . shall be fixed by the court adjudicating the matter'" (Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705, quoting 11 NYCRR 65-4.10[j][4]).
Here, the Supreme Court should have granted that branch of Comfort Choice's cross-motion which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of attorney's fees (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703).
Accordingly, the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorney's fees to which Comfort Choice is entitled (see Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168; Matter of GEICO Ins. v AAAMG Leasing Corp., 148 AD3d at 705).
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court