New York Recovery PT, P.C. v American Tr. Ins. Co. (2025 NY Slip Op 25166)

[*1]

New York Recovery PT, P.C. v American Tr. Ins. Co.

2025 NY Slip Op 25166

Decided on July 17, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on July 17, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2024-887 N C

New York Recovery PT, P.C., as Assignee of Thea Stewart, Appellant, 
against
American Transit Insurance Company, Respondent. 

Roman Kravchenko (Jason Tenenbaum of counsel), for appellant.
Bruno, Gerbino. Soriano & Aitken, LLP (Vince Gerbino and Alfred Polidore of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Robert E. Pipia, J.), dated July 31, 2024. The order, insofar as appealed from, denied the branch of petitioner's motion seeking an award of attorney's fees.

ORDERED that the order, insofar as appealed from, is reversed, without costs, the branch of petitioner's motion seeking an award of attorney's fees is granted and the matter is remitted to the District Court to determine the amount of attorney's fees to which petitioner is entitled, in accordance with this decision and order.
After the provider's claims for assigned first-party no-fault benefits were denied, the parties proceeded to arbitration and the no-fault arbitrator made an award in favor of the provider, which award was upheld by a master arbitrator. As the insurer did not timely satisfy the award (see 11 NYCRR 65-4.10 [e] [4]), the provider commenced this proceeding to confirm the master arbitration award (see CPLR 7510). The provider moved to confirm the master arbitrator's award and, insofar as is relevant here, for an award of attorney's fees. Shortly thereafter, the insurer paid petitioner the amount of the master arbitration award. By order dated July 31, 2024, the District Court (Robert E. Pipia, J.) granted the branch of the motion seeking to confirm the master arbitration award but denied the branch of the motion seeking attorney's fees, finding that, notwithstanding 11 NYCRR 65-4.10 (j) (4), the provider was not entitled to an award of additional attorney's fees because "the instant proceeding is a special proceeding that was commenced for the sole purpose of confirming a master arbitration award. It was not commenced to resolve a dispute de novo, nor was it brought to appeal the underlying master arbitration award."
"The attorney's fee for services rendered . . . in a court appeal from a master arbitration [*2]award and any further appeals, shall be fixed by the court adjudicating the matter" (11 NYCRR 65-4.10 [j] [4]). "The term 'court appeal' applies to a proceeding taken pursuant to CPLR article 75 to vacate or confirm a master arbitration award" (Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 179 AD3d 414, 414 [2020]; see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705 [2017]). As the Court of Appeals has stated with regard to the No-Fault Law (see Insurance Law article 51), "[t]o implement [the] legislative aim of curtailing delay and reducing expense in the adjustment of motor vehicle accident claims, the regulations are written to encourage prompt payment of claims, to discourage investigation by insurers, and to penalize delays" (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 225 [1986] [emphasis added] [citation omitted]). Consequently, where, as here, the insurer failed to timely (see 11 NYCRR 65-4.10 [e] [4]) pay the amounts set forth in the master arbitration award and the provider commenced a proceeding pursuant to CPLR 7510 to confirm the master arbitration award so that it could be reduced to a judgment, the provider is entitled to an award of attorney's fees, fixed by the court, for the District Court proceeding as well as for fees incurred on this appeal (see 11 NYCRR § 65-4.10 [j] [4]; Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 179 AD3d 414; Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168, 1169 [2019]; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703; Matter of Metro Pain Specialist, P.C., v Country-Wide Ins. Co., 66 Misc 3d 135[A], 2020 NY Slip Op 50014[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]). In view of the foregoing, the matter is remitted to the District Court to determine the amount of reasonable attorney's fees to which the provider is entitled.
Accordingly, the order, insofar as appealed from, is reversed, the branch of petitioner's motion seeking an award of attorney's fees is granted and the matter is remitted to the District Court to determine the amount of attorney's fees to which petitioner is entitled, in accordance with this decision and order
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 17, 2025