Matter of American Tr. Ins. Co. v YSC Trinity Acupuncture, P.C. (2026 NY Slip Op 01354)

Matter of American Tr. Ins. Co. v YSC Trinity Acupuncture, P.C.

2026 NY Slip Op 01354

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-10789
 (Index No. 532599/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
vYSC Trinity Acupuncture, P.C., etc., appellant.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Larkin Farrell LLC, New York, NY (William R. Larkin III and Melissa A. Marano of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated August 31, 2022, YSC Trinity Acupuncture, P.C., appeals from a judgment of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated August 27, 2024. The judgment, insofar as appealed from, in effect, denied that branch of the cross-petition of YSC Trinity Acupuncture, P.C., which was for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4).
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the cross-petition of YSC Trinity Acupuncture, P.C., which was for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of the attorney's fee.
YSC Trinity Acupuncture, P.C. (hereinafter YSC), is a medical provider that made a claim for no-fault benefits from the petitioner, an insurance carrier. The petitioner denied the claim, and YSC sought arbitration of the claim. In an arbitration award dated June 9, 2022, the arbitrator, inter alia, awarded YSC the amount claimed. The petitioner sought review of the arbitration award by a master arbitrator. In a master arbitration award dated August 31, 2022, the master arbitrator, among other things, confirmed the arbitration award.
The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitration award. YSC filed a cross-petition to confirm the master arbitration award and for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) for the representation in this proceeding. In opposition to the cross-petition, the petitioner contended, inter alia, that any award of an attorney's fee was limited by 11 NYCRR 65-4.6(d). In a decision dated June 4, 2024, the Supreme Court determined, among other things, that the petition should be denied, the cross-petition should be granted, and YSC was entitled to an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4), to be determined by the court upon submission of an affirmation of services. Subsequently, YSC submitted an affirmation of services, seeking the sum of $5,020 as an attorney's fee. In a judgment dated August 27, 2024, the court, inter alia, denied the petition, granted that branch of the cross-petition which was to confirm the master arbitration award, and, in effect, denied that branch of the cross-petition which was for an award of an attorney's fee pursuant to 11 NYCRR [*2]65-4.10(j)(4). YSC appeals from so much of the judgment as, in effect, denied that branch of the cross-petition which was for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4).
"The general rule is that in proceedings involving arbitration, as in other litigation, an attorney's fee is not recoverable unless provided for by agreement or statute" (Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705; see generally Congel v Malfitano, 31 NY3d 272, 291). Pursuant to Insurance Law § 5106(a), if a valid claim or a portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to [the] limitations promulgated by the superintendent in regulations." As applicable here, the superintendent's regulations provide that an "attorney's fee for services rendered . . . in a court appeal from a master arbitration award . . . shall be fixed by the court adjudicating the matter" (11 NYCRR 65-4.10[j][4]). A "court appeal from a master arbitration award" includes a proceeding pursuant to CPLR article 75 to vacate or confirm a master arbitration award (see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705).
Here, YSC sought an award of an attorney's fee for services rendered in connection with the court proceedings on the petition to vacate the master arbitration award and the cross-petition, among other things, to confirm the master arbitration award. Having prevailed in this CPLR article 75 proceeding, YSC was entitled to an award of a reasonable attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) (see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d at 783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 706). Thus, the Supreme Court erred by, in effect, denying that branch of the cross-petition which was for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4).
Contrary to the petitioner's contention, the amount of the attorney's fee awarded for services rendered in this proceeding is not controlled by 11 NYCRR 65-4.6(d). The superintendent's regulations provide that the amount awarded pursuant to 11 NYCRR 65-4.10(j)(4) "shall be fixed by the court" (id.; see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d at 783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the amount of a reasonable attorney's fee to which YSC is entitled, stating the evidentiary basis for the award (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 706).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court