Matter of American Tr. Ins. Co. v SCOB, LLC (2026 NY Slip Op 01352)

Matter of American Tr. Ins. Co. v SCOB, LLC

2026 NY Slip Op 01352

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-06666
 (Index No. 533521/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
vSCOB, LLC, etc., appellant.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Larkin Farrell LLC, New York, NY (William R. Larkin III and Melissa A. Marano of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated September 20, 2022, SCOB, LLC, appeals from a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), dated September 21, 2023. The judgment, insofar as appealed from, awarded SCOB, LLC, an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of only $1,000.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the amount of an attorney's fee to be awarded pursuant to 11 NYCRR 65-4.10(j)(4) in accordance herewith.
SCOB, LLC (hereinafter SCOB), is a medical provider that made a claim for no-fault benefits from the petitioner, an insurance carrier. The petitioner denied the claim on the ground that the treatment was not medically necessary. SCOB sought arbitration of the claim, and in an arbitration award dated May 21, 2022, the arbitrator awarded SCOB, inter alia, a substantial portion of the amount claimed. The petitioner sought review of the arbitration award by a master arbitrator. In a master arbitration award dated September 20, 2022, the master arbitrator, among other things, confirmed the arbitration award.
The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitration award. SCOB filed a cross-petition to confirm the master arbitration award and for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) for the representation in this proceeding. In opposition to the cross-petition, the petitioner contended, inter alia, that any award of an attorney's fee was limited by 11 NYCRR 65-4.6(d) and that the Supreme Court should limit the amount of billing time allowed in light of the repetition of the legal issues in the no-fault area of the law. In an order dated July 26, 2023, the court, among other things, denied the petition, granted the cross-petition, and directed SCOB to file an affirmation of fee request with respect to the amount of an attorney's fee to be awarded pursuant to 11 NYCRR 65-4.10(j)(4).
Thereafter, SCOB submitted an attorney's affirmation seeking an award in the sum of $4,600 as an attorney's fee in connection with this proceeding. In a judgment dated September 21, 2023, the Supreme Court, inter alia, awarded SCOB an attorney's fee pursuant to 11 NYCRR [*2]65-4.10(j)(4) in the sum of $1,000. SCOB appeals, contending that the award was inadequate.
Pursuant to Insurance Law § 5106(a), if a valid claim or a portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to [the] limitations promulgated by the superintendent in regulations." The recoverable attorney's fees include those related to representation in a CPLR article 75 proceeding to vacate or confirm a master arbitration award (see 11 NYCRR 65-4.10[j][4]; Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705). Contrary to the petitioner's contention, the amount of the attorney's fee for services rendered in connection with a CPLR article 75 proceeding is not controlled by 11 NYCRR 65-4.6(d), but rather, "shall be fixed by the court" (id. § 65-4.10[j][4]; see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d at 783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705).
"[A] reasonable attorney's fee is commonly understood to be a fee which represents the reasonable value of the services rendered" (Diaz v Audi of Am., Inc., 57 AD3d 828, 830; see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839). In determining the reasonable value of the services rendered, "the court may consider a number of factors, including . . . the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, the lawyer's experience, ability, and reputation, the customary fee charged for similar services, and the results obtained" (Diggs v Oscar De La Renta, LLC, 169 AD3d 1003, 1005; see Matter of Freeman, 34 NY2d 1, 9; RMP Capital Corp. v Victory Jet, LLC, 139 AD3d at 839). "While a hearing is not required in all circumstances, the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935 [internal quotation marks omitted]; see Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 520).
Here, the Supreme Court awarded SCOB the sum of only $1,000 for an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) without stating the basis for that determination. Nor is the basis for that determination evident from the record. Contrary to SCOB's contention, the petitioner did, in fact, oppose that branch of the cross-petition which was for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) and argued, among other things, that recovery of such a fee was limited. However, the petitioner did not submit evidence of the customary fee charged for similar services and the reasonable amount of time required to defend the petition and support the cross-petition. Contrary to SCOB's contention, the court was not obligated to accept SCOB's representation as to its attorney's fee, and the court could rely upon its "familiarity with the nature and complexity of the litigation, the time, effort and skill required for its resolution and the fees customarily charged for similar matters" (Ricciuti v Lombardi, 256 AD2d 892, 893) to determine a reasonable attorney's fee. Nonetheless, since the basis for the court's award is not evident from the judgment appealed from or the record, the matter must be remitted to the Supreme Court, Kings County, for a new determination of the amount of the award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4), stating the evidentiary basis for the award (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 706).
SCOB's remaining contentions either need not be reached in light of our determination or are improperly raised for the first time in reply.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court