Matter of American Tr. Ins. Co. v Community Med. Imaging, P.C. (2026 NY Slip Op 01351)

Matter of American Tr. Ins. Co. v Community Med. Imaging, P.C.

2026 NY Slip Op 01351

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-09271
 (Index No. 516849/23)

[*1]In the Matter of American Transit Insurance Company, respondent, 
vCommunity Medical Imaging, P.C., etc., appellant.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Larkin Farrell LLC, New York, NY (William R. Larkin III and Melissa A. Marano of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated March 26, 2023, Community Medical Imaging, P.C., appeals from an order of the Supreme Court, Kings County (Anne J. Swern, J.), dated June 27, 2024. The order, insofar as appealed from, granted the motion of Community Medical Imaging, P.C., for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) only to the extent of awarding an attorney's fee in the sum of $750.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the amount of an attorney's fee to be awarded pursuant to 11 NYCRR 65-4.10(j)(4) in accordance herewith.
The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated March 26, 2023, which confirmed an arbitration award against the petitioner and in favor of Community Medical Imaging, P.C. (hereinafter Community). Community filed a cross-petition, inter alia, to confirm the master arbitration award. In an order dated October 10, 2023, the Supreme Court denied the petition and granted that branch of the cross-petition which was to confirm the master arbitration award.
Community then moved for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) for services rendered in this proceeding in the sum of $2,200. In support of the motion, Community submitted an affirmation of services by its attorney. The petitioner opposed the motion, arguing, among other things, that an award of an attorney's fee was limited by 11 NYCRR 65-4.6(d) and that the amount of the attorney's fee sought was excessive as to the hourly rate and the time purportedly spent on the petition and the cross-petition. In an order dated June 27, 2024, the Supreme Court granted the motion to the extent of awarding Community an attorney's fee in the sum of $750. Community appeals.
Pursuant to Insurance Law § 5106(a), if a valid claim or a portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the [*2]overdue claim, subject to [the] limitations promulgated by the superintendent in regulations." The recoverable attorney's fees include those related to representation in a CPLR article 75 proceeding to vacate or confirm a master arbitration award (see 11 NYCRR 65-4.10[j][4]; Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705). Contrary to the petitioner's contention, the amount of the attorney's fee for services rendered in connection with a CPLR article 75 proceeding is not controlled by 11 NYCRR 65-4.6(d), but rather, "shall be fixed by the court" (id. § 65-4.10[j][4]; see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d at 783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705).
"[A] reasonable attorney's fee is commonly understood to be a fee which represents the reasonable value of the services rendered" (Diaz v Audi of Am., Inc., 57 AD3d 828, 830; see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839). In determining the reasonable value of the services rendered, "the court may consider a number of factors, including . . . the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, the lawyer's experience, ability, and reputation, the customary fee charged for similar services, and the results obtained" (Diggs v Oscar De La Renta, LLC, 169 AD3d 1003, 1005; see Matter of Freeman, 34 NY2d 1, 9; RMP Capital Corp. v Victory Jet, LLC, 139 AD3d at 839). "While a hearing is not required in all circumstances, the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935 [internal quotation marks omitted]; see Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 520).
Here, the parties submitted conflicting evidence as to the customary fee charged for similar services and the reasonable amount of time required to defend the petition and support the cross-petition. Markedly, the evidence submitted by the petitioner suggested that the customary fees were higher than that awarded by the Supreme Court here, and in the order appealed from, the court provided no explanation for the determination of the award of an attorney's fee, and the basis for that determination is not evident from the record. Under the circumstances, the matter must be remitted to the Supreme Court, Kings County, for a new determination of the amount of the award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4), stating the evidentiary basis for the award (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 706).
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court