Matter of Country-Wide Ins. Co. v TC Acupuncture P.C. (2020 NY Slip Op 00048)





Matter of Country-Wide Ins. Co. v TC Acupuncture P.C.


2020 NY Slip Op 00048


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10691N 157967/15

[*1] In re Country-Wide Insurance Company, Petitioner-Respondent,
v
TC Acupuncture P.C., as asignee of Corey Crichlow, Respondent-Appellant.


Gary Tsirelman, P.C., Brooklyn (Gary Tsirelman of counsel), for appellant.
Jaffe & Velazquez, LLP, New York (Jean H. Kang of counsel), for respondent.



Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered November 30, 2018, awarding respondent attorney's fees in the sum total of $980 in connection with a no-fault arbitration award, unanimously modified, on the law, to remand the matter to Supreme Court for a determination of respondent's reasonable attorney's fees incurred in the article 75 proceeding brought by petitioner to vacate the arbitration award and on this appeal, and otherwise affirmed, without costs.
"The attorney's fee for services rendered ... in a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter" (11 NYCRR § 65-4.10[j][4]). The term "court appeal" applies to a proceeding taken pursuant to CPLR article 75 to vacate or confirm a master arbitration award (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705 [2d Dept 2017]). Accordingly, respondent TC Acupuncture, as a prevailing applicant for payment by petitioner insurer of attorney's fees in an article 75 proceeding reviewing an arbitration award, is entitled to an additional award of attorney's fees, as fixed by the court, for its motion to modify the order, in a 2015 article 75 proceeding denying Countrywide's petition to vacate the arbitration award, to include a ruling confirming the arbitration and its opposition to Countrywide's motion to reargue that order. Supreme Court erred in failing to award these additional fees.
Respondent is also entitled to the attorney's fees incurred in this appeal to this Court of the order issued in the article 75 proceeding, to be fixed by the court, upon remand, pursuant to 11 NYCRR § 65-4.10(j)(4)(see Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 162 AD3d 407, 408 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK