| **Country-Wide Ins. Co. v Protechmed Inc.** |
|:---:|
| 2024 NY Slip Op 32554(U) |
| July 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650329/2021 |
| Judge: Anar Rathod Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 45

-----------------------------------------------------------------------X

COUNTRY-WIDE INSURANCE COMPANY

          Petitioner,

    - v -

PROTECHMED INC.,

         Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650329/2021 |
| **MOTION DATE** | 01/15/2021 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL**:

  The following e-filed documents, listed by NYSCEF document number (Motion 001) 1–8, 10–24 were read on this motion to/for <u>VACATE – DECISION / ORDER / JUDGMENT / AWARD.</u>

### Relevant Factual and Procedural History

  This is a special proceeding, pursuant to CPLR Article 75, commenced by Petitioner Country-Wide Insurance Company ("Petitioner") seeking an order and judgment vacating master arbitration award of Joseph J. O'Brien (dated October 27, 2020), which affirmed the no-fault arbitration award of Diane Flood Taylor (dated July 6, 2020) granting Respondent Protechmed Inc.'s, as assignee of Mujahed Daghash ("Claimant" or "Assignor"), ("Respondent") claim for no-fault insurance compensation for health service expenses.  Pursuant to a hearing held on July 2, 2020, Arbitrator Taylor awarded the amount of $620.62, together with interest, attorney's fees, and additional fees, sought by Respondent for providing services to its assignor, who claimed to have been injured in a motor vehicle accident on December 13, 2017.

  Petitioner commenced the present action by filing a Notice of Petition and Petition on January 15, 2021.  NYSCEF Doc. Nos. 1, 2.  This matter was initially assigned to Judge Debra James and was reassigned subsequently to this Court.

### Discussion

  The standard of review in Article 75 proceedings depends on the amount awarded by the arbitrator.  Where the amount in contention does not exceed five thousand dollars ($5,000.00), courts grant deference to the findings of the arbitrators.  "In cases of compulsory arbitration, this court has held that CPLR article 75 'includes review . . . of whether the award is supported by evidence or other basis in reason.'  This standard has been interpreted to import into [A]rticle 75

**650329/2021   COUNTRY-WIDE INSURANCE COMPANY vs. PROTECHMED INC.**
**Motion No.  001**

             **Page 1 of 5**

[* 1]

review of compulsory arbitrations the arbitrary and capricious standard of [A]rticle 78 review." *Matter of Petrofsky (Allstate Ins. Co.)*, 54 N.Y.2d 207, 211 (1981) (quoting *Mount St. Mary's Hosp. of Niagara Falls v. Catherwood*, 26 N.Y.2d 493, 508 (1970)). Thus, if the amount awarded in arbitration is less than the statutory amount, the judiciary is restricted by the findings of the arbitrators. Only when review has basis in an enumerated ground in CPLR § 7511, or the court finds that the arbitration award is a result of arbitrary or capricious determinations by the arbitrators, may the court interject.

"Further, 'a court is bound by the arbitrator's factual findings and interpretations of the contract,' and it 'cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one.' The 'arbitrator's award will not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice.'" *Metro. Transp. Auth. v. Westfield Fulton Ctr., LLC*, No. 2023–03965, 2024 WL 2853484, at *1 (1st Dept. 2024) (internal citations omitted).

As the amount at issue, $620.62, is less than the statutory amount, this Court will review the arbitrator's award under an arbitrary and capricious standard. This Court will only vacate the award if it was granted as a result of arbitrary and capricious determinations by the arbitrators or if there is basis in an enumerated ground in CPLR § 7511(b). "[J]udicial review of arbitration awards is extremely limited. An arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached.'" *Wien & Malkin LLP v. Helmsley-Spear, Inc.*, 6 N.Y.3d 471, 479 (2006).

Petitioner initiated this action to vacate the arbitration award pursuant to CPLR § 7511(b)(1)(i), (iii) and (iv). There is no argument or support in the record to find that the award was procured by "corruption, fraud or misconduct" beyond Petitioner's statement that the action was pursuant to CPLR § 7511(b)(1)(i). Similarly, there is no argument or support in the record to find that the rights of Petitioner were prejudiced by "failure to follow the procedure of this article." CPLR § 7511(b)(1)(iv).

Petitioner contends that the hearing arbitrator's award "was irrational, not supported by the evidence, and arbitrary and capricious." NYSCEF Doc. No. 1 at ¶ 15 (Petition). Petitioner asserts that the hearing arbitrator erred in awarding payment of healthcare services as Arbitrator Taylor failed to properly consider that due to Claimant's failure to appear for two scheduled Independent Medical Examinations ("IME") on March 15, 2018 and April 12, 2018, he failed to satisfy a condition precedent to payment—submitting to the IMEs—such that Petitioner may properly deny Respondent's claim for no-fault benefits pursuant to Insurance Regulation 68. *See id.* at ¶¶ 23–25.

*Claimant's Appearance at IMEs*

The hearing arbitrator determined, based on a review of the evidence, that Petitioner failed to properly notify Claimant of the IMEs, as notice of said IMEs was addressed incorrectly. However, the master arbitrator would later correct the hearing arbitrator:

650329/2021   COUNTRY-WIDE INSURANCE COMPANY vs. PROTECHMED INC.                    Page 2 of 5
Motion No.  001

2 of 5

On review of the evidence, we find that the arbitrator erred in stating, "On the NF-3 form, which is consistent with the NF-2 form, claimant's address is listed as 8 Beach 32nd #A Far Rockaway, NY." Accordingly, the arbitrator held that respondent's notice of a request for an IME failed. On review of the documents relied on, we note that the NF-3 has the 8 Beach 32nd #A, Far Rockaway, NY address but that the NF-2 does not have the "#A" element of the address.

. . . .

This, however, is not determinative of the instant appeal because the arbitrator correctly concluded that, "Respondent failed to provide an affidavit from a doctor or medical provider or a person with first-hand knowledge of claimant's alleged non-appearance." Citing to *Stephen Fogel Psychological, P.C. v. Progressive Ins. Co.,* 35 A.D.3d 720 [App. Div., 2d Dept., 2006.], applicant's counsel argues that, "The law mandates sufficient proof come only from an individual with actual personal knowledge of the non-appearances, not merely a reliance on a business practice." The court in *Fogel* held that Appellant/Respondent Progressive Casualty Insurance Company ". . . failed to meet its burden by proof in admissible form, because it submitted no evidence from anyone with personal knowledge of the mailings or of the nonappearances (citations omitted)." *Id*. at 721.

. . . .

On consideration of all of the foregoing, we find that the award appealed from was neither arbitrary nor capricious and did not err as a matter of law on the determinative issue of sufficient proof of this assignor's failure to appear for either of the scheduled independent medical examinations.

NYSCEF Doc. No. 6 at 2–3 (Master Arbitration Award).

Petitioner argues that it submitted affidavits of Petitioner's IME clerk, Annie Persaud, ("Persaud Affidavit") and administrative assistant for the Medical Evaluation Unit, Anita Megnauth ("Megnauth Affidavit") that establish Claimant failed to appear for the IMEs. In relevant part, the Megnauth Affidavit states, "I can attest that DAGHASH, MUJAHED did not appear for the scheduled IMEs because I was present at the Medical Evaluations Unit on 03/15/18 and the claimant did not appear, nor was the claimant's name on the claimant sign-in log sheet for 03/15/18." Ms. Megnauth however does not aver that she was present at the time of Claimant's scheduled appointment; she only states that she was present at the Medical Evaluations Unit on the date of the appointment. The Persaud Affidavit states, "I can attest that DAGHASH, MUJAHED did not appear for the scheduled IMEs because the claimant's name was not on the claimant sign-in log sheet for 04/12/18." NYSCEF Doc. No. 5 at 137 (Petitioner's Master Arbitration Brief with Exhibits). Contrary to Petitioner's assertion, Ms. Persaud does <u>not</u> have "personal knowledge of the injured party's failure to appear." *See* NYSCEF Doc. No. 1 at ¶ 29. Rather, Ms. Persaud relies on

650329/2021 COUNTY-WIDE INSURANCE COMPANY vs. PROTECHMED INC.
Motion No. 001

Page 3 of 5

a review of specific sign-in sheets. NYSCEF Doc. No. 5 at 132 (Petitioner's Master Arbitration Brief with Exhibits). Further, there is no indication that the hearing and master arbitrators did not consider these Affidavits or the sign-in sheets upon which the Affiants rely. *See generally* NYSCEF Doc. Nos. 3 and 6. "It is within the province of the lower arbitrator to determine what evidence to accept or reject and what inferences should be drawn based on the evidence." *Community Med. Imaging P.C. v. American Transit Ins. Co.*, 206 N.Y.S.3d 919 (N.Y. Cnty. Sup. Ct. 2024). Accordingly, the factual determinations of Arbitrator O'Brien are not actions that exceed the hearing arbitrator's authority.

This Court must defer to factual determinations as made by the hearing arbitrator. Likewise, the master arbitrator is limited to the factual record presented to and determinations made by the hearing arbitrator. A master arbitrator does not have "the power to review, *de novo*, the matter originally presented to the arbitrator. A master arbitrator exceeds his statutory power by making his own factual determination, by reviewing factual and procedural errors committed during the course of arbitration, by weighing the evidence . . . ." *Matter of Allstate Ins. Co. v. Keegan*, 201 A.D.2d 724, 725 (2d Dept. 1994) (internal citations omitted). Further, a "master arbitrator shall only consider those matters which were the subject of the arbitration below or which were included in the arbitration award appealed from." 11 NYCRR § 65-4.10(c)(6). Considering these restraints on the master arbitrator's scope of review, the master arbitrator was correct to rely on the factual determinations of the hearing arbitrator and affirm the No-Fault Arbitration Award in its entirety. *See* NYSCEF Doc. No. 6 at 1–2 (Master Arbitration Award). Accordingly, these actions do not support finding that the master arbitrator exceeded his authority.

*Attorney's Fees*

Respondent seeks attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) for the work performed in connection with the instant proceeding. In support, Respondent submits an Affirmation in Support of Attorney Fees stating, *inter alia*, the qualifications of counsel, Michael Hoenig, *Esq.* of Israel, Israel & Purdy, LLP; counsel's usual hourly billing rate of $300/hour; and a summary of the total amount of time incurred and the nature of the time incurred in connection with this proceeding—4.6 hours. NYSCEF Doc. No. 18. Counsel provides the Court with sufficient information to determine the reasonableness of the attorney's fees incurred.

The First Department has held that "as a prevailing applicant for payment by petitioner insurer of attorney's fees in an [A]rticle 75 proceeding reviewing an arbitration award, [respondent] is entitled to an additional award of attorney's fees, as fixed by the court." *Country-Wide Ins. Co. v. TC Acupuncture P.C.*, 179 A.D.3d 414, 414–15 (1st Dept. 2020); *see also Matter of Country-Wide Ins. Co. v. Bay Needle Care Acupuncture, P.C.*, 162 A.D.3d 407 (1st Dept. 2018). The Court is permitted to fix an amount for an additional award of attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4). Accordingly, the Court awards Respondent additional attorney's fees in the total amount of $1,380.

**650329/2021   COUNTRY-WIDE INSURANCE COMPANY vs. PROTECHMED INC.**                    **Page 4 of 5**
**Motion No. 001**

4 of 5

[* 4]

Accordingly, it is hereby

**ORDERED** that the Petition to vacate the No-Fault Arbitration Award, as confirmed by the Master Arbitration Award, is denied and the award rendered in favor of Respondent and against Petitioner is confirmed; and it is further

**ORDERED** that Respondent is awarded additional attorney's fees in the amount of one thousand, three hundred and eighty dollars and zero cents ($1,380.00); and it is further

**ORDERED** that the Clerk of the Court shall enter judgment accordingly.

| **July 23, 2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ANAR RATHOD PATEL, A.J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650329/2021   COUNTRY-WIDE INSURANCE COMPANY vs. PROTECHMED INC.**          **Page 5 of 5**
**Motion No.  001**

5 of 5