Quick Health Pharm. Corp. v American Tr. Ins. Co. (2025 NY Slip Op 25038)

[*1]

Quick Health Pharm. Corp. v American Tr. Ins. Co.

2025 NY Slip Op 25038

Decided on February 13, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on February 13, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2024-336 S C

Quick Health Pharmacy Corp., as Assignee of Monea Dingle, Appellant, 
against
American Transit Insurance Company, Respondent. 

Roman Kravchenko and Jason Tenenbaum of counsel, for appellant.
Short & Billy, P.C. (Soek Ho [Richard] Kang of counsel), for respondent.

Appeal, on the ground of inadequacy, from a judgment of the District Court of Suffolk County, Sixth District (James F. Matthews, J.), entered September 29, 2023. The judgment, insofar as appealed from, upon awarding petitioner assigned first-party no-fault benefits in the principal sum of $1,454.70, awarded petitioner $1,360 in attorney's fees.

ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the District Court for the entry of a new judgment following a determination of the amount of attorney's fees to which petitioner is entitled, in accordance with this decision and order.
Petitioner commenced this proceeding pursuant to CPLR article 75 to vacate a master arbitrator's award dated March 27, 2023, which upheld the award of an arbitrator dated January 27, 2023, rendered pursuant to Insurance Law § 5106 (b), denying petitioner's claim which had sought assigned first-party no-fault benefits in the amount of $1,454.70. The District Court (James F. Matthews, J.) granted the petition and, among other things, awarded petitioner "its reasonable counsel fees in bringing this Petition." The court directed petitioner to submit a judgment for $1,454.70 plus interest, and attorney's fees pursuant to 11 NYCRR 65-4.6 (d) and [*2]11 NYCRR 65-4.10 (j) (4). Along with a proposed judgment, petitioner submitted an attorney's affirmation seeking $3,900 as petitioner's legal fees for the Article 75 proceeding (see 11 NYCRR 65-4.10 [j] [4]). A judgment, entered on September 29, 2023, awarded petitioner the principal sum of $1,454.70, plus $678.86 in interest, $230 in costs and fees, and $1,360 in attorney's fees. Petitioner appeals, arguing that the award of $1,360 for attorney's fees was inadequate.
Pursuant to 11 NYCRR 65-4.6 (d), attorney's fees for the arbitration and master arbitration, in which petitioner ultimately prevailed, are not discretionary, as they are established by the no-fault regulations (see LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217 [2009]; City Care Acupuncture, P.C. v Allstate Prop. & Cas. Ins. Co.,54 Misc 3d 128[A], 2016 NY Slip Op 51793[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Such fees are limited to 20 percent of the total amount of first-party benefits awarded, plus interest, subject to a maximum fee of $1,360. Further, having successfully prevailed in the Article 75 proceeding to vacate the master arbitrator's award, petitioner was also entitled to an additional award of reasonable attorney's fees therefor pursuant to 11 NYCRR 65-4.10 (j) (4), which amount is to be fixed by the court (see Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 179 AD3d 414 [2020]; Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168 [2019]).
The appropriate attorney's fees due for the arbitration pursuant to 11 NYCRR 65-4.6 (d), calculated at 20 percent of $1,454.70 plus $678.86, is $426.71. In awarding a total sum of $1,360 in attorney's fees for both the arbitration and the CPLR article 75 proceeding, we assume that the Civil Court mistakenly applied the $1,360 cap imposed by 11 NYCRR 65-4.6 (d) to the attorney's fees to be awarded for the article 75 proceeding pursuant to 11 NYCRR 65-4.10 (j) (4), and therefore, in effect, awarded $933.27 in attorney's fees for the article 75 proceeding, notwithstanding the fact that petitioner submitted a claim seeking $3,900 as reasonable attorney's fees for that proceeding. Under the circumstances, the matter must be remitted to the District Court for a determination of the amount of reasonable attorney's fees to which petitioner is entitled as a result of the court proceeding, without any regulatory cap thereon (see 11 NYCRR 65-4.10 [j] [4]), in addition to the $426.71 regulatorily mandated attorney's fees for the arbitration (see 11 NYCRR 65-4.6 [d]). The court shall state the evidentiary basis for its determination (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703 [2017]). We note that petitioner is also entitled to reasonable attorney's fees for this appeal (see 11 NYCRR 65-4.10 [j] [4]; Acuhealth Acupuncture, P.C., 170 AD3d 1168).
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the District Court for the entry of a new judgment following a determination of the total amount of attorney's fees to which petitioner is entitled pursuant to both 11 NYCRR 65-4.6 (d) and 11 NYCRR 65-4.10 (j) (4).
GARGUILO, P.J., GOLDBERG-VELAZQUEZ and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 13, 2025