**American Tr. Ins. Co. v Emuna Inc**

2026 NY Slip Op 30745(U)

February 26, 2026

Supreme Court, New York County

Docket Number: Index No. 650780/2025

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 42M

-----------------------------------------------------------------------------X

AMERICAN TRANSIT INSURANCE COMPANY,

                              Petitioner,

              - v -

EMUNA INC DBA VAVAR PHARMACY,

                              Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650780/2025 |
| **MOTION DATE** | 04/01/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD          .

APPEARANCES:

> Larkin Farrell LLC, New York, New York (William Robert Larkin, Esq., of counsel), for petitioner.
>
> Gary Tsirelman, P.C., Brooklyn, New York (Gary Tsirelman, Esq., of counsel), for respondent.

EMILY MORALES-MINERVA, J.S.C.

In this special proceeding, petitioner AMERICAN TRANSIT INSURANCE COMPANY moves, by notice of petition (motion sequence number 01), pursuant to CPLR § 7511, to vacate the arbitration award issued by Arbitrator Marianne C. Zack, Esq., and subsequently confirmed by Master Arbitrator Robyn D. Weisman, Esq., in favor of respondent EMUNA INC D/B/A VAVAR PHARMACY. Respondent opposes and cross-petitions for confirmation of the arbitration award, reasonable attorneys' fees, and costs.

650780/2025  AMERICAN TRANSIT INSURANCE COMPANY, vs. EMUNA INC DBA VAVAR PHARMACY,
Motion No. 001

Page 1 of 10

For the reasons explained below, petitioner's petition (mot. seq. no. 01) is denied, and respondent's cross-petition is granted, in part.

BACKGROUND

On October 25, 2022, non-party Nani Boichenko was injured in a motor vehicle accident (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 01, petition). As a result of the accident, Ms. Boichenko received medical treatment, including prescribed medications from respondent EMUNA INC D/B/A VAVAR PHARMACY during the period of March 17, 2023, through April 15, 2023 (see id.; see also NYSCEF Doc. No. 03, lower arbitration award, dated October 03, 2024).

Thereafter, respondent submitted no-fault benefit claims to petitioner seeking reimbursement of the medical treatment provided to Ms. Boichenko, but Petitioner denied reimbursement of said claims based on lack of medical necessity (see NYSCEF Doc. No. 01, complaint). Specifically, petitioner "rel[ied] on the peer review report of Dr. Edward W. Weiland dated 6/23/2023 and the independent medical examination (IME) of Dr. Douglas Unis dated 2/10/23" to support its denial (NYSCEF Doc. No. 03, arbitration award, dated October 03, 2024, p 2). As a result of the denial, respondent initiated arbitration with petitioner

650780/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. EMUNA INC DBA VAVAR PHARMACY,
Motion No. 001

Page 2 of 10

2 of 10

(see NYSCEF Doc. No. 05, motor vehicle no-fault insurance law arbitration request form, dated June 19, 2023).

The American Arbitration Association (AAA) assigned the action to Arbitrator Marianne C. Zack (Arbitrator Zack) pursuant to AAA Case No. 17-23-1304-3361, and on September 09, 2024, Arbitrator Zack conducted a hearing (see NYSCEF Doc. No. 03, lower arbitration award). Arbitrator Zack reviewed two disputed claims, one for $2,624.16 and the other for $1,877.04 (see id.).[1] To support its denial of the claims, petitioner submitted the peer review report of Dr. Edward W. Weiland, who concluded that the medications were not medically necessary, as well as the IME report of Dr. Douglas Unis (see id.). In rebuttal, respondent submitted the report of Dr. Pervaiz Qureshi (see id.).

Upon conclusion of the hearing and in consideration of the evidence and testimony submitted, Arbitrator Zack determined that the peer review report submitted by petitioner established that the prescribed medications were not medically necessary, shifting the burden to respondent (see id., p 3). However, upon consideration of respondent's "very comprehensive rebuttal" of Dr. Pervaiz Qureshi, Arbitrator Zack found that respondent had satisfied its "shifted burden", sufficiently proving that the prescribed medications were medically necessary (see id.).

---

[1] The third claim, for $4,501.20, was withdrawn without prejudice by respondent (see NYSCEF Doc. No. 03, arbitration award).

**650780/2025  AMERICAN TRANSIT INSURANCE COMPANY, vs. EMUNA INC DBA VAVAR PHARMACY,**
**Motion No.  001**

**Page 3 of 10**

[* 3]

Accordingly, Arbitrator Zack awarded respondent $4,501.20, plus statutory interest, attorneys' fees, and filing fees (see id.).

Petitioner appealed, and the matter was assigned to Master Arbitrator Robyn Weisman (master arbitrator) pursuant to AAA Case No. 99-23-1304-3361 (see NYSCEF Doc. No. 04, master arbitration award, dated December 04, 2024). The master arbitrator affirmed Arbitrator Zack's decision, holding:

> "The issue of medical necessity is a factual issue. The arbitrator found sufficient evidence to prove medical necessity. The arbitrator awarded the amount after a finding of medical necessity and discussed the fact that she reviewed the evidence and took into consideration the record and oral arguments. The arbitrator held after weighing the evidence submitted, the [respondent's] evidence was more persuasive and awarded accordingly. With respect to the differing medical opinions, I must defer to the Arbitrator as the arbitrator was within her purview to weigh such evidence as she deemed appropriate"

(id.).

Further, the master arbitrator noted that master arbitrators are not permitted to re-weigh evidence and may only disturb a decision that is arbitrary, capricious, unsupported by the record, or incorrect as a matter of law, none of which were applicable here (see id.).

Despite the two-tier arbitration process, petitioner commenced the instant Article 75 proceeding, seeking vacatur of

650780/2025  AMERICAN TRANSIT INSURANCE COMPANY, vs. EMUNA INC DBA VAVAR PHARMACY,
Motion No. 001

Page 4 of 10

4 of 10

the $4,501.20 award pursuant to CPLR § 7511 (b)(1)(iii)[2] (see NYSCEF Doc. No. 01, petitioner). Petitioner contends that the "arbitrator's decision was arbitrary and capricious, without rational basis and incorrect as a matter of law because the arbitrator ignored petitioner's evidence" (id., p 13).

Respondent opposes and cross-petitions, seeking (1) a confirmation of the arbitration award, (2) attorneys' fees pursuant to 11 NYCRR § 65-4.10(j)(4) [governing master arbitrator procedures] in the amount of $600.00, and (3) costs pursuant to CPLR § 8202 in the amount of $100.00 (see NYSCEF Doc. No. 12, cross-petition).

ANALYSIS

"It is a bedrock principle of arbitration law that the scope of judicial review of an arbitration proceeding is extremely limited" (Frankel v Sardis, 76 AD3d 136, 139 [1st Dept 2010], citing Matter of Silverman [Benmor Coats], 61 NY2d 299

---

[2] Section 7511 of the CPLR provides, as relevant here:
"(a) An application to vacate or modify an award may be made by a party within ninety days after its delivery to him.
"(b) Grounds for vacating.
    1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:
        (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made . . ."

650780/2025 AMERICAN TRANSIT INSURANCE COMPANY, vs. EMUNA INC DBA VAVAR PHARMACY,
Motion No. 001

Page 5 of 10

[1984]).  "Accordingly, an award will not be overturned unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on the arbitrator's power" (Frankel, 76 AD3d at 139, quoting Silverman, 61 NY2d at 308, and Board of Educ. of Dover Union Free School Dist. V Dovr-Wingdale Teachers' Ass'n, 61 NY2d 913, 915 [1984]).

An "arbitrator's interpretation of the issues and the scope of their authority is accorded substantial deference, and [the] Court will not overturn the decision unless there is no support at all justifying the decision" (Roffler v Spear, Leeds & Kellogg, 13 AD3d 308, 310 [1st Dept 2004] [emphasis added]). Indeed, "a court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (Matter of Arbitration Between Spence and State Univ. of New York, 230 AD3d 1559, 1561 [4th Dept 2024], citing Matter of New York State Correctional Officers & Police Benevolent Ass'n, Inc. v State of New York, 94 NY2d 321, 326 [1999]). Therefore, "the party seeking to upset an arbitration award bears a heavy burden" (Frankel, 76 AD3d at 140, citing Lehman Bros., Inc. v Cox, 10 NY3d 743, 744 [2008]).

Here, the petition must be denied because petitioner has failed to establish any cognizable ground for vacatur under CPLR

650780/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. EMUNA INC DBA VAVAR PHARMACY,
Motion No. 001

Page 6 of 10

6 of 10

[* 6]

7511 (b)(1)(iii). Arbitrator Zack considered the evidence submitted by both parties and concluded that the report submitted by respondent "provide[d] a meaningful rebuttal as to why the conclusions set forth in both [of petitioner's] reports were incorrect, and why he believed each medication to be necessary" (NYSCEF Doc. No. 03, arbitration award, p 3).

Thereafter, the master arbitrator appropriately determined that Arbitrator Zack acted within her authority in weighing the evidence and "giv[ing] greater weight to the evidence she fe[lt] [was] most persuasive" (NYSCEF Doc. No. 04, master arbitration award). Mere disagreement with an arbitrator's factual findings or the manner in which the evidence was weighed does not constitute a basis for vacatur of an arbitration award under CPLR § 7511 (b)(1)(iii).

The Court now turns to respondent's unopposed cross-petition for attorneys' fees pursuant to 11 NYCRR § 64-4.10(j)(4)[3] in the amount of $600.00, and costs pursuant to CPLR § 8202 in the amount of $100.00 (see NYSCEF Doc. No. 12, cross-petition).

---

[3] 11 NYCRR § 65-410 (j) provides: "The following limitations shall apply to the payment by insurers of applicant's attorney's fees for services rendered in a master arbitration to resolve a no-fault dispute: (4) The attorney's fee for services rendered in connection with a court adjudication of a dispute de novo [] or in a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter" (emphasis added).

11 NYCRR § 65-4.10 (j)(4) "allows the prevailing party to recover attorneys' fees 'for services rendered . . . in a court appeal from a master arbitration award and any further appeals'" (American Tr. Ins. Co. v Rutland Med. PC, 224 AD3d 531, 532 [1st Dept 2024], quoting 11 NYCRR § 65-4.10(j)(4)]). This applies to attorneys' fees for "work in Supreme Court in opposing the petition to vacate the arbitration award" as well as work involved in appeals to the Appellate Division (id., citing Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 179 AD3d 414, 414-415 [1st Dept 2020]; see also Geico Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705 [2d Dept 2017]).

Here, non-party Gary Tsierlman, Esq., attorney for respondent, affirms that he expended 1 hour and thirty minutes opposing the petition, at an hourly rate of $400.00 per hour, reflecting no-fault specialization and 27 years of experience (see NYSCEF Doc. No. 15, affirmation in support of attorneys' fees by Gary Tsirelman, Esq. [affirming that the "total time spent on case review, researching, and writing of this response to the petition is one hour and thirty minutes"], dated March 24, 2025, and Doc. No. 16, time records). The Court finds this time reasonable, and awards attorneys' fees in the amount of $400.00 per hour, for a total amount of $600.00 reflective of one hour and thirty minutes of work.

650780/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. EMUNA INC DBA VAVAR PHARMACY,
Motion No.  001

Page 8 of 10

The Court declines to award costs in the amount of $100.00, as respondent does not present statutory or case specific authority to support this application (see generally NYSCEF Doc. No. 14, affirmation in support).

Accordingly, it is hereby

ORDERED that the petition of petitioner AMERICAN TRANSIT INSURANCE COMPANY to vacate the arbitration award in AAA Case No. 17-23-1304-3361 is denied in its entirety; it is further

ORDERED that respondent's EMUNA INC D/B/A VAVAR PHARMACY cross-petition to confirm the master arbitration award of Master Arbitrator Robyn Weisman, which affirmed the award of Arbitrator Marianne C. Zack, is granted, and the award is confirmed in all respects; it is further

ORDERED that respondent EMUNA INC D/B/A VAVAR PHARMACY is awarded the full claim amount of $4,501.20, plus statutory interest and fees; it is further

ORDERED that respondent's EMUNA INC D/B/A VAVAR PHARMACY cross-petition for attorneys' fees is granted, and respondent is awarded $600.00 in attorneys' fees; it is further

ORDERED that respondent's EMUNA INC D/B/A VAVAR PHARMACY cross-petition for costs is denied; it is further

ORDERED that petitioner shall serve a copy of this decision and order with notice of entry upon respondent within fifteen days from the date of this decision and order; and it is further

ORDERED that the Clerk of Court shall enter judgment

accordingly.


THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.


| 02/26/2026 | | | | *Emily Morales-Minerva (signature)* | |
|---|---|---|---|---|---|
| **DATE** | | | | **EMILY MORALES-MINERVA, J.S.C.** | |

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**650780/2025 AMERICAN TRANSIT INSURANCE COMPANY, vs. EMUNA INC DBA VAVAR PHARMACY,** Page 10 of 10
**Motion No. 001**

10 of 10

[* 10]