| |
|---|
| **American Tr. Ins. Co. v Allure Recovery Inc.** |
| 2026 NY Slip Op 30902(U) |
| March 11, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 650556/2025 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 42M

------------------------------------------------------------------------X

AMERICAN TRANSIT INSURANCE COMPANY,

Petitioner,

- v -

ALLURE RECOVERY INC.,

Respondent.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650556/2025 |
| **MOTION DATE** | 02/27/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD          .

APPEARANCES:

Larkin Farrell LLC, New York, New York (William Robert Larkin, Esq., of counsel), for petitioner.

Israel Purdy LLP, Great Neck, New York (Michael Hoenig, Esq., of counsel), for respondent.

EMILY MORALES-MINERVA, J.S.C.

In this special proceeding, petitioner AMERICAN TRANSIT INSURANCE COMPANY moves, by notice of petition (motion sequence number 01), pursuant to CPLR § 7511, to vacate the arbitration award issued by Arbitrator John Kannengieser, Esq., and subsequently confirmed by Master Arbitrator Burt Feilich, Esq., in favor of respondent ALLURE RECOVERY INC.

Respondent opposes and cross-petitions for confirmation of the arbitration award and reasonable attorneys' fees.

[* 1]

For the reasons explained below, petitioner's petition (mot. seq. no. 01) is denied entirely, and respondent's cross-petition is granted, in part.


BACKGROUND


On November 08, 2020, Patrichia Morales was injured in a motor vehicle accident (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 01, petition). As a result of the accident, Ms. Morales received medical treatment, including durable medical equipment (DME) from respondent ALLURE RECOVERY INC. for intermittent limb compressions of her left knee from January 06, 2021, through February 16, 2021 (see id.; see also NYSCEF Doc. No. 03, lower arbitration award, dated September 10, 2024).

Thereafter, respondent submitted a no-fault benefit claim to petitioner seeking reimbursement of durable medical equipment provided to Ms. Morales, but Petitioner denied reimbursement of said claim based on lack of medical necessity (see NYSCEF Doc. No. 01, petition). Specifically, petitioner relied on the peer review report of Dr. Amit Khaneja, MD (see id.). As a result of the denial, respondent initiated arbitration with petitioner (see NYSCEF Doc. No. 05, motor vehicle no-fault insurance law arbitration request form, dated February 21, 2024).

The American Arbitration Association (AAA) assigned the action to Arbitrator John Kannengieser (Arbitrator Kannengieser) pursuant to AAA Case No. 17-24-1337-4442, and on August 23, 2024, Arbitrator Kannengieser conducted a hearing (see NYSCEF Doc. No. 03, lower arbitration award). Arbitrator Kannengieser reviewed one disputed claim for $3,360.00 (see id.). To support its denial of the claim, petitioner submitted the peer review report of Dr. Amit Khaneja, MD (see id.).

Upon conclusion of the hearing and in consideration of the evidence and testimony submitted, Arbitrator Kannengieser found that (1) petitioner failed to submit any proof that it had mailed any of the requisite verification requests to Ms. Morales and/or respondent; that (2) petitioner's denial of Ms. Morales'/respondent's claim was issued 31 days after the final verification was received, in violation of 11 NYCRR 65-3.8 (a)(1); and that (3) because petitioner did not issue a timely denial of the claim and/or that it did not prove it timely and properly requested verification of the claim, petitioner was precluded from relying on Dr. Amit Khaneja's peer review report (see id., p 2). Accordingly, Arbitrator Kannengieser awarded respondent $3,360.00 for the claim in dispute, plus statutory interest, attorneys' fees, and filing fees (see id.).

Petitioner appealed, and the matter was assigned to Master Arbitrator Burt Feilich, Esq. (master arbitrator) pursuant to

650556/2025  AMERICAN TRANSIT INSURANCE COMPANY, vs. ALLURE RECOVERY INC., Page 3 of 10
Motion No. 001

[* 3]                                         3 of 10

AAA Case No. 99-24-1337-4442 (see NYSCEF Doc. No. 14, master arbitrator award, dated November 04, 2024). The master arbitrator affirmed Arbitrator Kannengieser's decision entirely, holding:

> "In essence, respondent disagrees with the factual and/or legal determinations made by the arbitrator and is actually seeking a de novo review of the evidence . . . although respondent's master arbitration submission acknowledges that [Arbitrator] Kannengieser had precluded respondent from relying on its peer review report to establish a defense premised on lack of medical necessity [] it otherwise did not contest in any manner the correctness of the ruling that respondent's denial of claim was untimely. Thus, respondent has not provided any valid legal and/or factual argument to disturb the portion of the award finding that its denial of claim was not timely issued and leading to the preclusion from evidence of its peer reviewer's report"

(id., p 5).

Despite the two-tier arbitration process, petitioner commenced the instant Article 75 proceeding, seeking vacatur of the $3,360.00 award pursuant to CPLR § 7511 (b)(1)(iii)[1] (see

---

[1] Section 7511 of the CPLR provides, as relevant here:
"(a) An application to vacate or modify an award may be made by a party within ninety days after its delivery to him.
"(b) Grounds for vacating.
    1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:
        (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made . . ."

NYSCEF Doc. No. 01, petition).  Petitioner contends that the "arbitrator's decision was arbitrary and capricious, without rational basis and incorrect as a matter of law" (id., p 13).

Respondent opposes and cross-petitions, seeking (1) confirmation of the arbitration award; and (2) attorneys' fees pursuant to 11 NYCRR § 65-4.10(j)(4) [governing master arbitrator procedures] in the amount of $1,000.00 (see NYSCEF Doc. No. 10, cross-petition).

## ANALYSIS

"It is a bedrock principle of arbitration law that the scope of judicial review of an arbitration proceeding is extremely limited" (Frankel v Sardis, 76 AD3d 136, 139 [1st Dept 2010], citing Matter of Silverman [Benmor Coats], 61 NY2d 299 [1984]).  "Accordingly, an award will not be overturned unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on the arbitrator's power" (Frankel, 76 AD3d at 139, quoting Silverman, 61 NY2d at 308, and Board of Educ. of Dover Union Free School Dist. V Dovr-Wingdale Teachers' Ass'n, 61 NY2d 913, 915 [1984]).

An "arbitrator's interpretation of the issues and the scope of their authority is accorded substantial deference, and [the]

650556/2025  AMERICAN TRANSIT INSURANCE COMPANY, vs. ALLURE RECOVERY INC.,        Page 5 of 10
Motion No. 001

5 of 10

Court will not overturn the decision unless there is no support at all justifying the decision" (Roffler v Spear, Leeds & Kellogg, 13 AD3d 308, 310 [1st Dept 2004] [emphasis added]). Indeed, "a court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (Matter of Arbitration Between Spence and State Univ. of New York, 230 AD3d 1559, 1561 [4th Dept 2024], citing Matter of New York State Correctional Officers & Police Benevolent Ass'n, Inc. v State of New York, 94 NY2d 321, 326 [1999]). Therefore, "the party seeking to upset an arbitration award bears a heavy burden" (Frankel, 76 AD3d at 140, citing Lehman Bros., Inc. v Cox, 10 NY3d 743, 744 [2008]).

Here, the petition must be denied because petitioner has failed to establish any cognizable ground for vacatur under CPLR § 7511 (b)(1)(iii). Arbitrator Kannengieser determined, upon a review of the evidence, that petitioner's denial of the underlying claim was untimely and therefore, it was precluded from relying on Dr. Amit Khaneja's report to establish a defense based on lack of medical necessity (see NYSCEF Doc. No. 03, arbitration award). The master arbitrator confirmed said award, and found that petitioner "did not contest in any manner the correctness of the ruling that [it's] denial of claim was untimely" (NYSCEF Doc. No. 14, master arbitrator award).

[* 6]

Here, petitioner again fails to address this issue, and instead argues that Arbitrator Kannengieser "ignored petitioner's evidence" i.e., the peer review report of Dr. Amit Khaneja's report (see NYSCEF Doc. No. 01, petition, p 12). However, this is factually incorrect, as Arbitrator Kannengieser specifically precluded the peer review report due to petitioner's untimely denial of the underlying claim (see NYSCEF Doc. No. 03, lower arbitration award). Petitioner's argument -- that respondent was required to submit a rebuttal to it's precluded peer review report -- is baseless and without merit. Petitioner is merely disagreeing with the arbitrator's factual and evidentiary findings, and that does not constitute a basis for vacatur of an arbitration award under CPLR § 7511 (b)(1)(iii). Accordingly, the petition (mot. seq. no. 01) is denied.

The Court now turns to respondent's cross-petition for confirmation of the arbitration award, and attorneys' fees pursuant to 11 NYCRR § 64-4.10(j)(4)[2] in the amount of $1,000.00, (see NYSCEF Doc. No. 10, cross-petition).

---

[2] 11 NYCRR § 65-410 (j) provides: "The following limitations shall apply to the payment by insurers of applicant's attorney's fees for services rendered in a master arbitration to resolve a no-fault dispute: (4) The attorney's fee for services rendered in connection with a court adjudication of a dispute de novo [] or in a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter" (emphasis added).

650556/2025 AMERICAN TRANSIT INSURANCE COMPANY, vs. ALLURE RECOVERY INC., Page 7 of 10
Motion No. 001

11 NYCRR § 65-4.10 (j)(4) "allows the prevailing party to recover attorneys' fees 'for services rendered . . . in a court appeal from a master arbitration award and any further appeals'" (American Tr. Ins. Co. v Rutland Med. PC, 224 AD3d 531, 532 [1st Dept 2024], quoting 11 NYCRR § 65-4.10(j)(4)]). This applies to attorneys' fees for "work in Supreme Court in opposing the petition to vacate the arbitration award" as well as work involved in appeals to the Appellate Division (id., citing Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 179 AD3d 414, 414-415 [1st Dept 2020]; see also Geico Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705 [2d Dept 2017]).

Here, non-party Michael Hoenig, Esq., attorney for respondent, affirms that he expended two hours opposing the petition and drafting the cross-petition, at an hourly rate of $500.00 per hour, reflecting no-fault specialization and 20 years of experience (see NYSCEF Doc. No. 15, affirmation in support of attorneys' fees by Michael Hoenig, Esq., dated February 04, 2025, with time records attached thereto). The Court finds this time reasonable, and awards attorneys' fees in the amount of $500.00 per hour, for a total amount of $1,000.00 reflective of two hours of work.

The Court declines to award an additional $500.00 in attorneys' fees for "the total time required to [] review file and draft[] reply" to petitioner's opposition to the

650556/2025 AMERICAN TRANSIT INSURANCE COMPANY, vs. ALLURE RECOVERY INC.,
Motion No. 001

Page 8 of 10

8 of 10

[* 8]

cross-petition (see NYSCEF Doc. No. 25, affirmation in support of additional attorneys' fees by Michael Hoenig, Esq., dated February 24, 2025).

Accordingly, it is hereby

ORDERED that the petition of petitioner AMERICAN TRANSIT INSURANCE COMPANY to vacate the arbitration award in AAA Case No. 17-24-1337-4442 and confirmed in AAA Case No. 99-24-1337-4442 is denied in its entirety; it is further

ORDERED that respondent's ALLURE RECOVERY INC.'s cross-petition to confirm the master arbitration award of Master Arbitrator Burt Feilich, Esq., which affirmed the award of Arbitrator John Kannengieser, Esq., is granted, and the award is confirmed in all respects; it is further

ORDERED that respondent ALLURE RECOVERY INC.is awarded the full claim amount of $3,360.00, plus statutory interest to be calculated from February 21, 2024, attorneys' fees and costs as awarded by Arbitrator John Kannengieser, Esq., and attorneys' fees and costs as awarded by Master Arbitrator Bert Feilich, Esq.; it is further

ORDERED that respondent's cross-petition for attorneys' fees is granted, in part, and respondent is awarded $1,000.00 in attorneys' fees; it is further

650556/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. ALLURE RECOVERY INC.,   Page 9 of 10
Motion No. 001

9 of 10

[* 9]

ORDERED that petitioner shall serve a copy of this decision and order with notice of entry upon respondent within fifteen days from the date of this decision and order; and it is further

ORDERED that the Clerk of Court shall enter judgment accordingly.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 03/11/2026 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **EMILY MORALES-MINERVA, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

650556/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. ALLURE RECOVERY INC.,        Page 10 of 10
Motion No. 001

10 of 10