Matter of John T. Mather Mem. Hosp. v American Tr. Ins. Co. (2026 NY Slip Op 01788)

Matter of John T. Mather Mem. Hosp. v American Tr. Ins. Co.

2026 NY Slip Op 01788

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-08983
 (Index No. 528479/23)

[*1]In the Matter of John T. Mather Memorial Hospital, etc., appellant, 
vAmerican Transit Insurance Company, respondent.

Roman Kravchenko, Melville, NY, for appellant.
Short & Billy, P.C., New York, NY (Seok Ho [Richard] King of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to confirm a master arbitration award dated June 26, 2023, the petitioner appeals from a judgment of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated June 12, 2024. The judgment, insofar as appealed from, upon an order of the same court dated January 12, 2024, denying that branch of the petition which was for an award of attorneys fees pursuant to 11 NYCRR 65-4.10(j)(4), did not award such attorney's fees.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was for an award of attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorney's fees to be awarded to the petitioner and the entry of an appropriate judgment thereafter.
The petitioner, John T. Mather Memorial Hospital, commenced this proceeding pursuant to CPLR article 75 to confirm a master arbitration award dated June 26, 2023, and for an award of attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4). The respondent did not oppose the petition. In an order dated January 12, 2024, the Supreme Court granted that branch of the petition which was to confirm the master arbitration award but denied that branch of the petition which was for an award of attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4). In a judgment dated June 12, 2024, the court, upon the order, inter alia, did not award attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4). The petitioner appeals.
"The attorney's fee for services rendered in connection with a court adjudication of a dispute de novo, as provided in section 5106(c) of the Insurance Law, or in a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter" (11 NYCRR 65-4.10[j][4]; see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783). The term "court appeal" applies to CPLR article 75 proceedings to vacate or confirm a master arbitration award (Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705; see Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 179 AD3d 414, 414).
Here, the petitioner sought an award of attorney's fees for services rendered in connection with this CPLR article 75 proceeding to confirm the master arbitration award. As a proceeding to confirm an arbitration award is a court appeal for the purposes of 11 NYCRR 65-4.10(j)(4), the petitioner was entitled to an award of reasonable attorney's fees (see Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705). Accordingly, the matter is remitted to the Supreme Court, Kings County, for a determination of reasonable attorney's fees and the entry of an appropriate amended judgment thereafter (see Matter of Lam Quan MD, P.C. v LM Gen. Ins. Co., 239 AD3d 654; Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d at 783).
The petitioner's remaining contention is without merit.
BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court