Matter of Integrated Specialty ASC, LLC v American Tr. Ins. Co.
2026 NY Slip Op 02651
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Integrated Specialty ASC, LLC, etc., appellant,
v
American Transit Insurance Company, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2024-03957, (Index No. 617349/23)
Francesca E. Connolly, J.P.
Cheryl E. Chambers
Helen Voutsinas
Elena Goldberg Velazquez, JJ.

Roman Kravchenko, Melville, NY, for appellant.
Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm a master arbitration award dated August 1, 2023, Integrated Specialty ASC, LLC, appeals from a judgment of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), entered January 12, 2024. The judgment, insofar as appealed from, upon an order of the same court entered November 17, 2023, granting the petition, awarded Integrated Specialty ASC, LLC, attorneys' fees pursuant to 11 NYCRR 65-4.6(d) in the sum of only $1,000 and did not award Integrated Specialty ASC, LLC, additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4).
ORDERED that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, Integrated Specialty ASC, LLC, is awarded attorneys' fees pursuant to 11 NYCRR 65-4.6(d) in the sum of $1,360, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) to be awarded to Integrated Specialty ASC, LLC, and thereafter for the entry of an appropriate amended judgment in accordance herewith.
Integrated Specialty ASC, LLC (hereinafter Integrated Specialty), as assignee of Mayra Machuca, is a medical provider which made a claim for no-fault benefits from American Transit Insurance Company (hereinafter American Transit). American Transit denied the claim. Integrated Specialty submitted the claim to arbitration, and in an award dated May 8, 2023, the arbitrator awarded Integrated Specialty the sum of $15,219.04, plus interest. In a determination dated August 1, 2023 (hereinafter the master arbitration award), the master arbitrator affirmed the arbitration award.
In October 2023, Integrated Specialty commenced this proceeding to confirm the master arbitration award. The petition sought, inter alia, awards of attorneys' fees pursuant to 11 NYCRR 65-4.6(d) in the sum of 20% of the principal award, plus interest, and additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) in an amount to be determined on affirmation. American Transit did not answer or oppose the petition. In an order entered November 17, 2023 (hereinafter the November 2023 order), the Supreme Court, among other things, granted the unopposed petition. The November 2023 order also awarded Integrated Specialty attorneys' fees pursuant to 11 NYCRR [*2]65-4.6(d) in the sum of 20% of the principal award, plus interest, and additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) in an amount to be determined on submission of an affirmation of attorneys' fees.
In a judgment entered January 12, 2024, the Supreme Court, upon the November 2023 order, inter alia, awarded Integrated Specialty attorneys' fees pursuant to 11 NYCRR 65-4.6(d) in the sum of $1,000 and did not award Integrated Specialty additional attorneys' fees pursuant to 11 NCYRR 65-4.10(j)(4). Integrated Specialty appeals.
Pursuant to 11 NYCRR 65-4.6(d), attorneys' fees for an arbitration and a master arbitration in which a petitioner ultimately prevailed are limited to "20 percent of the total amount of first-party benefits and any additional first-party benefits, plus interest thereon for each applicant per arbitration or court proceeding, subject to a maximum fee of $1,360." As conceded by American Transit, the Supreme Court erroneously awarded Integrated Specialty $1,000 instead of $1,360 pursuant to 11 NYCRR 65-4.6(d). Accordingly, the court should have awarded Integrated Specialty attorneys' fees pursuant to 11 NYCRR 65-4.6(d) in the sum of $1,360 (see id.).
Moreover, Integrated Specialty was entitled to an award of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) for services rendered in connection with this CPLR article 75 proceeding, as a proceeding to confirm an arbitration award is a "court appeal" for the purposes of 11 NYCRR 65-4.10(j)(4) (see Matter of John T. Mather Memorial Hosp v Am. Transit Ins. Co., __ AD3d ___, 2026 NY Slip Op 01788; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705). In the November 2023 order, the Supreme Court properly determined that Integrated Specialty was entitled to such fees and directed Integrated Specialty to submit an affirmation of attorneys' fees for the court to determine the amount of additional fees to be awarded, but the judgment did not award such fees, and the record reflects no apparent basis for that omission (see Matter of American Tr. Ins. Co. v Rutland Med. PC, 224 AD3d 531, 532; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 706). Contrary to American Transit's contention, the record sufficiently demonstrates that Integrated Specialty properly submitted an affirmation of attorneys' fees to the court. The record has been properly certified by Integrated Specialty's attorney as an accurate copy of the papers on file with the court (see CPLR 2105), and, moreover, we take judicial notice of the fact that Integrated Specialty filed an affirmation of attorneys' fees with the proposed judgment on the New York State Courts Electronic Filing System (see Wells Fargo Bank, N.A. v Ballard, 172 AD3d 1440, 1442).
Accordingly, we remit this matter to the Supreme Court, Nassau County, for a determination of the amount of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) to be awarded to Integrated Specialty and thereafter for the entry of an appropriate amended judgment (see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court